IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STATE OF DELAWARE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 09-144-SLR |
| ) | |
| RONALD A. MCINTYRE ) | |
| a/k/a Sheik Shaman ) | |
| a/k/a Raz Amun Ra El, ) | |
| ) | |
| Defendant.[1] ) | |

## MEMORANDUM ORDER

At Wilmington this 19th day of March, 2009, having reviewed the notice of removal;

IT IS ORDERED that the motion to proceed without prepayment of fees case is **granted** and that the case is summarily remanded to the Delaware Superior Court, for the reasons that follow:

1. **Background.** On March 5, 2009, Ronald A. McIntyre, a/k/a Sheik Shaman, a/k/a Raz Amun Ra El ("McIntyre"), filed a notice of removal pursuant to 28 U.S.C. § 1441 through § 1446. (D.I. 2) He appears pro se and has filed a motion to proceed without prepayment of fees. (D.I. 1) The notice of removal also names as additional petitioners the Marrakush Society, Marrakush Science Temple, Moorish Holy Temple of Science, and the Aboriginal Law Firm.

2. The affidavit of fact in support of the notice of removal contains an exhibit of a Delaware Superior Court criminal docket that indicates McIntyre was arrested on

---

[1] Improperly captioned as Raz Amun Ra El, Marrakush, Society Marrakush Science Temple, Moorish Holy Temple of Science, and Aboriginal Law Firm vs. State of Delaware, Superior Court of Delaware, and Delaware Capital Police.

October 23, 2008. (D.I. 3, ex.) He was indicted on December 8, 2008, on charges of possession with intent to deliver marijuana, use of a vehicle for keeping controlled substances, possession of drug paraphernalia, no proof of insurance, and failure to transfer title and registration. McIntyre was arraigned on December 29, 2008.

3. The first case review was held on January 26, 2009. On that date McIntyre was committed to the Department of Correction because he left the case review without signing the notice to appear and refused to return. McIntyre explains that during the case review hearing, he notified the State Court of his status as an individual of Moorish American Nationality and Aboriginal Status, reserved his rights under Article VI of United States Constitution pursuant to the 1787 Treaty of Peace and Friendship between the United States and the Empire of Marrakush, orally indicated that the State Court lacked jurisdiction, and directed it to dismiss the case "for lack of personam jurisdiction and the present Deputy Attorney General's failure to prove jurisdiction for the record." (D.I. 2, ¶¶ 4-6) Rather than dismiss the case, the State Court set the matter for a final case review to be held on April 6, 2009. McIntyre attempted to leave the courtroom after he declined to sign the notice to appear agreement and, apparently, was arrested and committed to the Delaware Department of Correction. (Id. at ¶¶ 7-12)

4. McIntyre was taken to the Howard R. Young Correctional Institution, Wilmington, Delaware. Thereafter, he filed a petition for writ of habeas corpus. The Superior Court of the State of Delaware in and for New Castle County denied the petition on February 3, 2009, on the grounds that McIntyre's bail had been increased and he was legally being held for failure to post bail.

5. McIntyre then filed the notice of removal. He contends that the federal courts

have jurisdiction over this matter pursuant to 22 U.S.C. § 254A, 28 U.S.C. § 1332, 28 U.S.C. § 1441(b) and Article 3, § 2 of the United States Republic Constitution. The court was provided with the criminal docket sheet and the February 3, 2009 order denying McIntyre's petition for writ of habeas corpus. The notice of removal did not include any process, pleadings or other orders from the underlying state criminal action. McIntyre also filed what appear to be three "criminal complaints" issued by Marrakush Science Temple Jurisprudence Chamber against Jesse Silva, David Dillman, and Foraker, as well as an invoice billing the Howard R. Young Correctional Institution $365,760 for "unconsented residential service" and "involuntary servitude." (D.I. 3)

6. **Standard of Review**. In order for a case to be removable to the district court, the court must have original jurisdiction by either a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332, 1441. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Kline v. Security Guards, Inc.*, 386 F.3d 246, 252 (3d Cir. 2004) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). If the case could not have been filed originally in federal court, then removal under 28 U.S.C. § 1441 is improper and remand is appropriate. *Id.* (citations omitted).

7. **Discussion**. Plaintiff filed his notice of removal pursuant to 28 U.S.C. § 1441 through § 1446. Section 1441 provides no basis for the removal of a state criminal proceeding, and § 1442 through § 1445 are inapplicable. 28 U.S.C. §§ 1441-1445; *Pennsylvania v. Bolick*, No. 05-1917, 144 F. App'x 274 (3d Cir. 2005) (not reported). Accordingly, the court turns to § 1446 which does provide for removal of criminal prosecutions from a state court.

8. Under § 1446, a notice of removal of a criminal prosecution shall include all grounds for such removal. 28 U.S.C. § 1446(c)(2). A federal district court is to examine promptly the notice of removal of a criminal prosecution. 28 U.S.C. 1446(c)(4). If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand. *Id.* Section 1446(c)(1) provides that a notice of removal of a criminal prosecution shall be filed not later than thirty days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.

9. The Docket Sheet indicates that McIntyre was arraigned on December 29, 2009. *Delaware v. McIntyre,* Criminal Action Nos. IN08110878, IN08110879, IN08110880, IN08110881, and IN08110882. The notice of removal, however, was not filed until March 5, 2009, well after the thirty day time limitation. Nor has the criminal matter been tried. Therefore, the notice of removal is untimely. **See** 28 U.S.C. § 1446(c)(1).

10. Additionally, McIntyre failed to comply with other requisites for removal. He did not provide for the court's review any copies of process, pleadings, or orders from the state criminal proceeding. See 28 U.S.C. § 1446(a). Nor does it appear that he gave the State of Delaware notice of the removal.

11. Finally, the affidavit states that this is an action "for injunctive relief prohibiting Defendants [the State of Delaware] including its judicial branches, from further acts of intimidation, slavery, racketeering's [sic] separation of powers,

deprivation of property, deprivation of life, liberty and pursuit of happiness, colorable enforcement of promissory estoppels, and the original Article 13 with Twenty (20) sections of the United States Republic Constitution, and an action of Contract brought against Defendants." (D.I. 3, at 18)  Section 1446(c)(3) specifically provides that the filing of a petition for removal of a criminal prosecution shall not prevent the state court in which the prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered until the petition is denied.  Hence, the statute does not afford a portion of the relief sought by McIntyre, and the remaining relief he seeks is civil, not criminal, in nature.  Indeed, it appears that McIntyre seeks to remove his criminal case and improperly use it as a means to file a new civil action.

12. **Conclusion**.  Based upon the foregoing, it is clear from the face of the notice of removal and the exhibits provided by McIntyre that removal cannot be permitted.  Therefore, the case is summarily remanded to the Superior Court of the State of Delaware.

_____
UNITED STATES DISTRICT JUDGE